UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Camerino M., | Civ. No. 26-668 (PAM/LIB) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Kristi Noem, Secretary, U.S. Department of Homeland Security; David Easterwood, Acting Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement, Immigration and Customs Enforcement; Pamela Bondi, U.S. Attorney General; Executive Office for Immigration Review; and Warden, ERO ICE Detention, Ft. Snelling, Minnesota, | |
| Respondents. | |

This matter is before the Court on Petitioner Camerino M.'s Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the petition.

**BACKGROUND**

Petitioner Camerino M. is a citizen of Mexico. (Id. ¶ 22.) He entered the United States on February 7, 2019, through a port of entry in San Yisidro, California. (Id. Ex. 2 at 2.) He sought asylum at the border and was detained. The Department of Homeland Security determined that Petitioner was an arriving alien who was presumably inadmissible

because he did not possess "a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act." (Id. Ex. 2 at 1.) Petitioner was released on February 11, 2019, after United States Border Patrol issued him a notice to appear in immigration court. (Id.) Petitioner applied for asylum. (Id. ¶ 5; Docket No. 14 ¶ 4.) On June 18, 2025, his application was denied, and he was ordered removed to Mexico. (Docket No. 13-3 at 1.) Petitioner's appeal of that decision to the Board of Immigration Appeals remains pending. (Pet. ¶ 5, Ex. 1.)

On January 26, 2026, Respondents detained Petitioner, and he remains in ICE custody. (Id. ¶¶ 6, 34.)

## DISCUSSION

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asking the Court to order his immediate release or grant him an individualized bond hearing under 8 U.S.C. § 1226(a). Respondents contend that his detention is mandatory pending removal proceedings under § 1225(b)(1). The Court must therefore decide whether § 1225(b)(1) or § 1226(a) governs Petitioner's detention.

"When interpreting a statute, [courts] begin with the statute's plain language, giving words the meaning that proper grammar and usage would assign them. If the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end." United States v. Lester, 92 F.4th 740, 742 (8th Cir. 2024) (cleaned up). Section 1225(a)(1) dictates that "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .) shall be deemed for purposes of this chapter an applicant for admission." The

2

Supreme Court of the United States has determined that "[a]n alien who tries to enter the country illegally is treated as an applicant for admission, and an alien who is detained shortly after unlawful entry cannot be said to have effected an entry." Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 140 (2020) (internal citation and quotations omitted).

Section 1225(b)(1)(A)(i) dictates that arriving aliens and other aliens initially determined by an immigration officer to be inadmissible due to fraud, misrepresentation, or lack of valid documentation are to be ordered "removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum . . . or a fear of persecution." Aliens claiming such fear or seeking asylum "shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). "Read most naturally, §§ 1225(b)(1) and (b)(2) mandate detention of applicants for admission until certain proceedings have concluded." Jennings v. Rodriguez, 583 U.S. 281, 297 (2018). "And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings." Id.

There is no dispute that Petitioner is an alien present in the United States. The record is clear that Petitioner was detained upon his entry into California and processed for removal as an arriving alien. Although Petitioner was released on parole, the law dictates that "[a]n arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the [Immigration and Nationality] Act, and even after any such parole is terminated or revoked." 8 U.S.C. § 1.2. Petitioner provides no facts demonstrating that anything has altered the initial determination made by the Department of Homeland

Security that he is an inadmissible alien. Although Petitioner disagrees that he is subject to detention under § 1225(b)(1), he fails to substantively respond to Respondents' argument or provide any authority to support his position on the applicability of § 1225(b)(1).

Petitioner's application for asylum does not change the Court's conclusion. Even "[i]f actively 'seeking admission' is a distinct requirement for mandatory detention pursuant to § 1225, seeking asylum <u>is</u> 'seeking admission,' within the meaning of the statute, since 'admission' is defined in terms of 'lawful' status, 8 U.S.C. § 1101(a)(13)(A), not physical presence on U.S. soil." <u>Chen v. Almodovar</u>, No. 1:25-CV-8350-MKV, 2025 WL 3484855, *6 (S.D.N.Y. Dec. 4, 2025).

Finally, Petitioner contends that his arrest was unlawful because Respondents did not have a warrant, but "Section 1225(b) does not include a warrant or an arrest requirement." <u>Ramirez Melgar v. Bondi</u>, No. 8:25CV555, 2025 WL 3496721, at *8 (D. Neb. Dec. 5, 2025).

The statute's plain meaning prevails. Respondents may lawfully detain Petitioner under § 1225(b)(1), and he is not entitled to a bond hearing.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and

2. This action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>February 25, 2026</u>                                      <u>*s/ Paul A. Magnuson*</u>
                                                                                          Paul A. Magnuson
                                                                                          United States District Court Judge